Law Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0356-02 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Motion to Sever) |
| | ) |
| | ) |
| NAOAKI MIURA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 23, 2009, for a hearing on Naoaki Miura's ("Defendant") Motion to Sever. Attorney James Canto appeared on behalf of the Defendant. Assistant Attorney General Basil O'Mallan appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On August 22, 2008, a Grand Jury indicted Defendant and Tyrone Joseph Jones ("Jones"). The charges against Defendant include: Guilt Established by Complicity of Kidnapping (As a 1st Degree Felony); Guilt Established by Complicity of Felonious Restraint (As a 3rd Degree Felony); Conspiracy to Commit Kidnapping (As a 1st Degree Felony); and Conspiracy to Commit Felonious Restraint (As a 3rd Degree Felony). Indictment (August 22,

2008). The charges against Jones include: Kidnapping (As a 1st Degree Felony); Conspiracy to Commit Kidnapping (As a 1st Degree Felony); Felonious Restraint (As a 3rd Degree Felony); Conspiracy to Commit Felonious Restraint (As a 3rd Degree Felony); Family Violence (As a 3rd Degree Felony) 2 counts; and Aggravated Assault (As a 3rd Degree Felony). Id.

On November 25, 2008, Defendant filed a Motion to Sever. In the motion, Defendant argued that the People have a level of intent and knowledge to prove as to Defendant that they do not as to Jones. Defendant's Motion to Sever at 2 (November 25, 2008). Defendant also argued that Court should consider the "spillover effect" – the danger that evidence against one defendant will be considered against another by the jury despite a jury instruction not to do so – would prejudice Defendant's right to a fair trial and requires that the Court grant a severance. Id. at 3.

On December 12, 2008, the People filed an Opposition to Motion for Severance. In the motion, the People argue that the Court has the discretion to sever, but 8 G.C.A. § 65.35 permits severance only upon a showing of prejudice. The People's Opposition at 3 (December 12, 2008). The People also argue that, if any prejudice suffered by Defendant as a result of a joint trial, the prejudice is cured by issuing the proper instructions to the jury as to treatment of the evidence. Id. at 5. The People's final argument is that the granting of the severance would waste judicial resources. Id. at 6. On December 19, 2008, Jones filed a Non-opposition to Co-Defendant Miura's Motion to Sever.

On January 23, 2009, a motion hearing was held. The Court heard arguments from the Defendant and the People pertaining to Defendant's Motion to Sever. The Court now addresses Defendant's Motion to Sever.

## DISCUSSION

Defendant argued that his trial should be severed from Jones because a joint trial would result in substantial prejudice to the Defendant and would deny his right to a fair trial. Motion Hearing at 11:40 a.m. (January 23, 2009); Defendant's Motion to Sever at 3 (November 25, 2008). The Court was asked to determine whether a joint trial would be so prejudicial to Defendant that severance should be granted.

Section 65.35 of Title 8 of the Guam Code Annotated provides as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. Thus, federal case law provides guidance on the interpretation of the Guam statute. Under Rule 14, the trial judge has great discretion when ruling on a motion to sever. Parker v. United States, 404 F.2d 1193, 1194 (9th Cir. 1986). The Court must balance the rights of the defendant to a fair trial absent prejudice, which may result from the joinder. United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986). The preference in the federal courts is that defendants who are indicted together should be tried together, in order to best serve the interest of judicial economy and convenience. Zafiro v. U.S., 506 U.S. 534, 537, 113 S.Ct. 933 (1993). Serious consideration is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought. U.S. v. Kennedy, 564 F.2d 1329, 1334 (9th Cir. 1977). The Defendant must show that a failure to sever is so manifestly prejudicial that it outweighed the dominant judicial concern with judicial economy and compelled the exercise of the trial court's to sever. United States v. Little, 753 F.2d 1420, 1446 (9th Cir. 1984) (quoting United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1980)). A defendant seeking severance has the burden of proving clear, manifest or undue prejudice from a joint trial. United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991). The evidence of prejudice must demonstrate that the defendant is denied a fair trial. Id.

Whether the evidence is easily compartmentalized is "of foremost importance" in assessing if joinder were prejudicial. United States v. Vasquez-Velasco, 15 F.3d 833, 846 (9th

Cir. 1994). The United States Supreme Court has held that the risk of prejudice posed by joint trial can be cured by proper jury instructions. See Zafiro, 506 U.S. at 540-541, 113 S.Ct. 933. Central to determining whether evidence as it relates to individual defendants is easily compartmentalized, such that joinder is not prejudicial, is the trial court's diligence in instructing the jury on the purpose of various types of evidence. United States v. Rasheed, 663 F.2d 843, 854-855 (9th Cir. 1981) (refusal to sever upheld even though evidence against codefendant was much stronger because judge gave proper cautionary instructions to jury and appellants failed to indicate how jury would be unable to compartmentalize the evidence). Moreover, "[a] defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." Joetzki, 952 F.2d at 1094.

The burden of demonstrating prejudice is difficult. U.S. v. Campanale, 518 F.2d 352, 359 (9th Cir 1975) (citing Tillman v. United States, 406 F.2d 930, 934 (5th Cir. 1969)). The defendant must show more than the fact that a separate trial might offer him a better chance of acquittal. Id. The ultimate question is whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. Campanale, 518 F.2d at 559 (citing Peterson v. United States, 344 F.2d 419 (5th Cir. 1965).

Defendant argued that Court should consider the "spillover effect" would prejudice Defendant's right to a fair trial and requires that the Court grant a severance. Defendant's Motion to Sever at 3 (November 25, 2008). The People in the alternative argued that the Court may provide instructions to the jury in order to clarify and ensure that jurors understand the task

before them, and the Court may keep track of the evidence. <u>The People's Opposition</u> at 5 (December 12, 2008). The People's argument is supported by the cases cited above, and the Court agrees with the People.

Defendant acknowledges that a proper way to rectify the prejudice resulting from evidence against a co-defendant is for the judge to issue to the jury instructions as to what evidence does or does not pertain to the Defendant. <u>Motion Hearing</u> at 11:45 a.m. (January 23, 2009). Defendant also argued that, because of human nature, cautionary instructions might not be enough to completely negate the prejudice resulting from evidence a co-defendant. <u>Id</u>. at 11:45-11:46 a.m. The Court agrees that cautionary instructions may not be enough in certain cases. But the burden is on the Defendant to demonstrate to the Court how instructions to the jury are inadequate. <u>See</u> <u>Joetzki</u>, 952 F.2d at 1094. The Court is not satisfied Defendant has met this burden. The Court determines that the Defendant has failed to demonstrate that any prejudice to Defendant is incurable with proper jury instructions. The Court also finds that the granting of a severance in this case would go against the interest of judicial economy. <u>See</u> <u>Zafiro</u>, 506 U.S. at 537, 113 S.Ct. 933. Therefore, the Court will deny Defendant's Motion to Sever.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Sever.

**SO ORDERED** this 27 day of Feb. , 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

FEB 27 2009

James R. Borja

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

The People of Guam v. Naoaki Miura, CF0356-02
Decision and Order – Motion to Sever